# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| GOLDENVINE IP LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. _____ |
| | ) |
| APT-ABILITY, LLC d/b/a | ) **JURY TRIAL DEMANDED** |
| MOBILESENTRIX and | ) |
| MOBILE DEFENDERS, LLC, | ) **REDACTED** |
| | ) |
| Defendants. | ) |

## COMPLAINT

This is a civil action for breach of contract, quantum meruit, and unjust enrichment under the laws of the Commonwealth of Virginia. For years, Defendants Apt-Ability, LLC d/b/a MobileSentrix and Mobile Defenders, LLC (collectively, "Defendants") have purchased and sold organic light-emitting diode ("OLED") display panels and modules produced by an entity whose legal affairs are managed by Plaintiff Goldenvine IP Limited ("Goldenvine"). Given the importance of the U.S. market to the OLED producer that Goldenvine represents, when the importation of certain display panels by Defendants into the United States was accused of infringing certain third-party patents in a proceeding before the International Trade Commission ("ITC"), Goldenvine and Defendants entered into an agreement for joint legal representation in connection with the ITC proceeding. As part of that agreement, ███████████████████████

███████████████████████████████████████████████████████████████ Yet, ███████

███████████████████████████████████████████████████████████████████████████

███████████████████ After the joint representation agreement was terminated, Defendants also

███████████████████████████████████████████████████████████████████████████

▬▬▬▬▬▬   By engaging in the conduct described herein, Defendants breached the parties' agreement and, in the alternative, unjustly enriched themselves. Accordingly, for its Complaint against Defendants, Goldenvine hereby alleges as follows:

## PARTIES

1.      Plaintiff Goldenvine is a corporation organized under the laws of Hong Kong, with a place of business at 5/F, Building 22E Phase 3, Hong Kong Science Park East Avenue, Pak Shek Kok, N.T., Hong Kong.

2.      On information and belief, Defendant Apt-Ability, LLC d/b/a MobileSentrix ("Apt-Ability") is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with a place of business at 4315-D Walney Road, Chantilly, Virginia 20151.

3.      On information and belief, Apt-Ability acquired its competitor, Defendant Mobile Defenders, LLC ("Mobile Defenders") in or around 2022.

4.      On information and belief, Mobile Defenders, a limited liability company having resided in and been organized under the laws of the State of Michigan, filed a certificate of dissolution with the State of Michigan, effective February 16, 2025. Mobile Defenders has the capacity to be sued and remains subject to suit under Mich. Comp. Laws § 450.4805(3).

## JURISDICTION AND VENUE

5.      This Court has diversity subject-matter jurisdiction over this suit under 28 U.S.C. § 1332. On information and belief, Apt-Ability is a citizen of the Commonwealth of Virginia, and publicly available information indicates no member of Apt-Ability is a citizen of Hong Kong or the People's Republic of China. On information and belief, Mobile Defenders is a citizen of the State of Michigan, and publicly available information indicates no member of Mobile Defenders

is a citizen of Hong Kong or the People's Republic of China. Goldenvine is a citizen of a foreign state (i.e., Hong Kong SAR, People's Republic of China), is not admitted for permanent residence in the United States, and is not domiciled in any U.S. state. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has general personal jurisdiction over Apt-Ability because, on information and belief, Apt-Ability is a limited liability company organized and existing under the laws of, and maintains a principal place of business in, the Commonwealth of Virginia.

7. This Court has specific personal jurisdiction over Apt-Ability and Mobile Defenders, because they each have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, Defendants have and have had extensive contacts with, and regularly transacted business in, Virginia under which Goldenvine's claims arise. Specifically, the Court has specific personal jurisdiction over Apt-Ability, because, among other things, Apt-Ability operates its business from Chantilly, Virginia, negotiated and entered into the joint representation agreement at issue in this case in Virginia, accepted legal services under that agreement in Virginia, and breached that agreement in Virginia. The Court has specific personal jurisdiction over Mobile Defenders, because, among other things, Mobile Defenders entered into the joint representation agreement with a Virginia counterparty (i.e., Apt-Ability) and directed performance and communications into this District in connection with that agreement. In addition, Defendants offer and/or have offered their mobile phone replacement parts goods (including display panels) to consumers in Virginia, including through their interactive websites www.mobilesentrix.com and www.mobiledefenders.com (which, as of the date of this Complaint, redirects to

www.mobilesentrix.com). Defendants' business activities with respect to display panels in Virginia relate and gave rise to the parties' joint legal representation in connection with the importation of display panels, as at issue in the ITC proceeding. Goldenvine's claims arise out of and relate to these contacts of Defendants with Virginia.

8. Venue in this District is proper under 28 U.S.C. § 1391, at least because the Court has personal jurisdiction over Defendants and because a substantial part of the events giving rise to the claim occurred in this District.

**FACTUAL BACKGROUND**

9. Goldenvine manages the legal matters of a leading producer of OLED panels and modules for electronic device.

10. Defendants are and/or have been in the business of selling OLED panels for mobile phones.

11. On January 27, 2023, the ITC instituted an investigation of allegations of patent infringement made by Samsung Display Co., Ltd. ("SDC") against Defendants and third parties, which was assigned No. 337-TA-1351 (the "Investigation"). In the Investigation, SDC sought a general exclusion order barring importation of certain display panels by Defendants and other respondents on grounds that such panels infringe certain patents held by SDC.

12. The Investigation directly implicated the interests of the foreign OLED producer that Goldenvine represents, given the importance of the U.S. market to its business.

13. To engage legal representation in connection with the Investigation and related proceedings, Defendants and Goldenvine entered into a written Joint Representation Agreement, on or around May 14, 2023 (the "Agreement"), with the law firm Kilpatrick Townsend & Stockton LLP ("Kilpatrick"). A copy of the Agreement is attached hereto as **Exhibit 1**.

14. The Agreement was duly executed and signed by Waqas Javed, Chief Product Officer for Apt-Ability, Jordan Notenbaum, President of Mobile Defenders, and Frank Jeng, Vice President of Goldenvine.

15. In the Agreement, Defendants and Goldenvine jointly retained Kilpatrick to provide legal services in connection with the Investigation.

16. 

17. 

18. 

19. Defendants requested legal and other services in connection with the Investigation, and Kilpatrick and Goldenvine provided such services to Defendants.

20. On June 9, 2023, Kilpatrick appeared on behalf of Defendants in the Investigation. Thereafter, Kilpatrick provided legal representation to Defendants as counsel of record in the

Investigation, and Goldenvine, itself, provided services to Defendants in connection with the Investigation.

21. Defendants benefited from the services rendered by Kilpatrick and Goldenvine, the fees and costs of which exceeded $75,000 ■■■■■■■■■■■■■■■■■■■■■■■■.

22. On or around November 8, 2023, Samsung offered Defendants written terms for settlement of the Investigation in the form of a draft Binding Settlement Term Sheet.

23. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

24. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

25. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

26. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

27. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■



6



28. █████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████

29. In 2024 and 2025, Goldenvine corresponded with Defendants, including through Defendants' outside counsel (not Kilpatrick), in an effort to resolve this matter. Months-long back and forth with Defendants proved unproductive in reaching a common understanding or successful resolution. ████████████████████████████████████████

30. As a result of Defendants' misconduct, Goldenvine has been forced to bring this action to enforce the Agreement and seek relief.

## COUNT I
## BREACH OF CONTRACT

31. Goldenvine realleges and incorporates herein by reference the allegations contained in all previous paragraphs herein.

32. Goldenvine and Defendants entered into a valid and enforceable contract, the Agreement, on or around May 14, 2023.

33. The Agreement obligated Defendants to ████████████████████████ ███████████████████████████████

34. On or around November 8, 2023, Defendants violated and breached the Agreement by ██████████████████████████████████████████████████████ ██████████████.

35. The Agreement prohibited Defendants from ████████████████████ ██████████████████████████████████████████████

36. On or around November 8, 2023, Defendants violated and breached the Agreement by ██████████████████████████████████████████████████████ ██████.

37. The Agreement obligated Defendants to ██████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████.

38. Defendants violated and breached the Agreement by ████████████ ██████████████████████████████████████████████████████ ██████████████████.

39. By reason of Defendants' breach, Goldenvine has suffered and is entitled to recover its actual damages in the amount of ████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████.

40. Goldenvine is also entitled to recover Goldenvine's attorney fees, costs, and other expenses incurred in this action.

## COUNT II
## QUANTUM MERUIT

41. In the alternative to Count I, Goldenvine pleads the following.

42. Goldenvine realleges and incorporates herein by reference the allegations contained in paragraphs 1–30 herein.

43. By engaging in the conduct set forth herein, Defendants have obtained a benefit conferred on them by Goldenvine in circumstances that render it inequitable for Defendants to retain the benefit without compensating Goldenvine for its value.

44. Defendants benefited from the ███████████████████████████████ ████████████████████████████████████████.

45. Defendants knew that ████████████████████████████████████ ████████████████████████████████████████████████ ████████████████.

46. Defendants requested, accepted, and used ████████████████████████

47. ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████.

48. It is inequitable for Defendants, under these circumstances, not to ████████ ████████████████████████████████████████████████.

49. As a direct and proximate result of Defendants' misconduct, Goldenvine has been damaged in excess of $75,000 in an amount to be shown at trial.

## COUNT III
## UNJUST ENRICHMENT

50. Goldenvine realleges and incorporates herein by reference the allegations contained in paragraphs 1–30 and 41–49 herein.

51. By engaging in the conduct set forth herein, Defendants have obtained a benefit conferred on them by Goldenvine that it would be unjust for Defendants to retain under the circumstances without compensating Goldenvine.

52. Defendants have unjustly enriched themselves at Goldenvine's expense in excess of $75,000 in an amount to be shown at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Goldenvine hereby demands a trial by jury of all issues so triable.

## REQUESTED RELIEF

**WHEREFORE**, Goldenvine respectfully prays that the Court grant the following relief:

A. An order entering judgment against Defendants for breach of contract or, in the alternative, quantum meruit and/or unjust enrichment, for the net costs and expenditures incurred by Goldenvine in connection with the Investigation and related matters;

B. An order entering judgment against Defendants for Goldenvine's damages as a result of Defendants' wrongful conduct and/or Defendants' unjust enrichment;

C. An order awarding pre- and post-judgment interest, ████████████████████████████████████;

D. An order awarding Goldenvine's reasonable attorney fees and costs incurred in connection with this action to be paid by Defendants;

  E. An order awarding any and all equitable relief to which Goldenvine may be entitled; and

  F. An order granting Goldenvine such other relief as the Court may deem just and proper under the circumstances.

                Goldenvine IP Limited,

Dated: October 16, 2025        By its Attorneys,

                /s/ *Alexander B. Englehart*

                John S. Kern (Va. Bar No. 42904)
                jkern@merchantgould.com
                Donald R. McPhail (*pro hac vice* forthcoming)
                dmcphail@merchantgould.com Alexander B. Englehart (Va. Bar No. 76691)
                aenglehart@merchantgould.com
                **MERCHANT & GOULD P.C.**
                1900 Duke Street, Suite 600
                Alexandria, Virginia 22314
                Telephone: (703) 684-2500
                Facsimile: (612) 332-9081

                Elizabeth Harwood Pierce (*pro hac vice* forthcoming)
                epierce@merchantgould.com
                **MERCHANT & GOULD P.C.**
                800 S. Gay Street, Suite 2150
                Knoxville, Tennessee 37929
                Telephone: (865) 380-5960
                Facsimile: (612) 332-9081

                *Attorneys for Plaintiff Goldenvine IP Limited*